# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

In re:                                )
                                      )
W. R. GRACE & CO., *et al.*,          )     Case No. 07-00536 (RLB)
                                      )     Hon. Ronald L. Buckwalter
            *Debtors.*                )     United States District Judge
                                      )     (by special designation)
_____      )
                                      )
STATE OF NEW JERSEY,                  )
DEPARTMENT OF ENVIRONMENTAL           )
PROTECTION,                           )
            *Appellants,*             )
                                      )
        v.                            )
                                      )
W. R. GRACE & CO., *et al.*           )
                                      )
            *Appellees.*              )
_____      )

On Appeal From The United States Bankruptcy Court
For The District of Delaware (Fitzgerald, J.)
Case No. 01-01139

## BRIEF OF APPELLEES

David M. Bernick, P.C.      Laura Davis Jones (#2436)              Lewis Kruger
Janet S. Baer               James E. O'Neill (#4042)              Kenneth Pasquale
Lori Sinanyan               PACHUSLKI, STANG, ZIEHL & JONES LLP    Stroock & Stroock & Lavan LLP
KIRKLAND & ELLIS LLP        919 North Market Street, 17th Flr     180 Maiden Lane
200 East Randolph Drive     P.O. Box 8705                         New York, NY  10038-4982
Chicago, IL  60601          Wilmington, DE  19899-8705            (212) 806-5400
(312) 861-2000              (302) 652-4100

*Co-Counsel for Debtors*    *Co-Counsel for Debtors*              *Counsel for the Official Committee
                                                                  of Unsecured Creditors*

Dated:  November 26, 2007

# TABLE OF CONTENTS

**Page**

INTRODUCTION ...................................................................................................................1

STATEMENT OF THE CASE AND THE FACTS .......................................................................2

ARGUMENT ......................................................................................................................9

I.   The NJDEP Failed To Prove "Excusable Neglect" Or Even Neglect. ...............................9

    A.   The NJDEP's Conscious Disregard of the Bar Date Does Not Constitute
        Neglect. ...............................................................................................10

        (1)   Prior to the Bar Date, the NJDEP knew of but failed to file its
                claim..............................................................................................11

        (2)   After the Bar Date, the NJDEP missed several opportunities to file
                a claim..........................................................................................12

    B.   The NJDEP Fails to Satisfy the Pioneer Four-Factor Test. ...................................15

        (1)   Prejudice .......................................................................................17

        (2)   Other Three Pioneer Factors ............................................................18

II.  The Remainder of the NJDEP's Arguments are Irrelevant to this Appeal........................19

CONCLUSION....................................................................................................................21

i

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

Advanced Estimating Sys. Inc. v. Riney,
    130 F.3d 996 (11th Cir. 1997) ........................................................................... 13

Artificial Intelligence Corp. v. Casey (In re Casey),
    198 B.R. 918 (Bankr. S.D. Cal. 1996) ............................................................... 10

In re Diaz,
    330 B.R. 875 (Bankr. M.D. Ga. 2005) ............................................................... 13

In re Enron Corp.,
    419 F.3d 115 (2d Cir. 2005) ............................................................................... 18

In re Enron,
    2003 Bankr. LEXIS 2113 (Bankr. S.D.N.Y. 2003) ........................................... 15

In re Grand Union Co.,
    204 B.R. 864 (Bankr. D. Del. 1997) .................................................................. 13

In re Int'l Horizons, Inc.,
    751 F.2d 1213 (11th Cir. 1985) ........................................................................ 12

In re Keene Corp.,
    188 B.R. 903 (Bankr. S.D.N.Y. 1995) .............................................................. 17

In re Kmart Corp.,
    381 F.3d 709 (7th Cir. 2004) ............................................................................ 18

In re Kyle v. Campbell Soup Co.,
    28 F.3d 928 (9th Cir. 1994) .............................................................................. 13

In re O'Brien Environmental Energy, Inc.,
    188 F.3d 116 (3d Cir. 1999) .............................................................................. 17

In re Pigott,
    684 F.2d 239 (3d Cir. 1982) .............................................................................. 11

In re Southern Commodity Corp.,
    62 B.R. 4 (Bankr. S.D. Fla. 1986) .................................................................... 13

Jones v. Chemetron Corp.,
    212 F.3d 199 (3d Cir. 2000) .............................................................................. 15

Katchen v. Landy,
    382 U.S. 323 (1966) .......................................................................................... 10

## TABLE OF AUTHORITIES (CONT'D)

**Page(s)**

Lowry v. McDonnel Douglas Corp.,
211 F.3d 457 (8th Cir. 2000) ......................................................................... 18

Matter of Dewey Beach Enters., Inc.,
110 B.R. 681 (Bankr. Del. 1990) .................................................................... 12

Nat'l Steel Corp.,
316 B.R. 510, 518 (Bankr. N.D. Ill. 2004) ................................................. 12, 19

Pioneer Inv. Servs. Co. v. Brunswick Ass'n Ltd. P'ship,
507 U.S. 380 (1993) ............................................................................... passim

Trump Taj Mahal Assocs. v. Alibraham (In re Trump Taj Mahal Assocs.),
156 B.R. 928 (Bankr. D. N.J. 1993) ......................................................... 18, 19

U.S. v. Torres,
372 F.3d 1159 (10th Cir. 2004) ..................................................................... 18

Welch & Forbes, Inc. v. Cendant Corp. (In re Cendant Corp. Prides Litig.),
233 F.3d 188 (3d Cir. 2000) .......................................................................... 16

**Statutes**

Bankruptcy Rule 3003(c)(2) .......................................................................... 13

Fed. R. Bankr. P. 9006(b)(1) ........................................................................... 9

# INTRODUCTION[1]

Despite the NJDEP's assertions that it was "impossible" for it to know that it had a claim before the Bar Date, the NJDEP clearly was aware of its potential claim no later than November 2002, several months before the Bar Date. The NJDEP has conceded receiving notice of the Grace Chapter 11 petitions, notice of the Bar Date, and copies of a memorandum from the EPA that alerted the NJDEP of its potential claim well in advance of the Bar Date. The NJDEP has failed to satisfactorily explain why it did not file a timely claim based on such knowledge. The fact that the NJDEP is a governmental bureaucracy or that it made a mistake of law in understanding when to file a claim, do not constitute "excusable neglect" permitting the NJDEP to now file a claim against the Debtors.

Further, the NJDEP has not justified its failure to file a claim for nearly four years *after* the Bar Date, admitting that it was aware of its claim in the fall of 2003. In "support" of its four-year delay, the NJDEP cites *only one case*, which is an unpublished opinion, not controlling in the Third Circuit, and not on point because the claimant therein could not have known about its claim prior to the bar date in that case and filed a claim within *one and a half months* of finding out about its claim, not *four years*. The NJDEP simply has no excuse.

In what appears to be a last ditch effort, the NJDEP attempts to taint this Court's review by raising several new but irrelevant issues in this appeal. The sole issue before this Court is whether the Bankruptcy Court's finding that the NJDEP failed to satisfy the "excusable neglect" standard for filing late claims should be sustained. The Bankruptcy Court correctly concluded that the NJDEP failed to satisfy the relevant "excusable neglect" test set forth by the Supreme Court in Pioneer. Accordingly, the Bankruptcy Court's decision should be affirmed.

---

[1]    See Statement of the Facts section herein for definition of capitalized terms.

## STATEMENT OF THE CASE AND THE FACTS[2]

For over 30 years, W. R. Grace & Co.-Conn. ("Grace") operated a vermiculite processing plant located in Hamilton Township, New Jersey (the "Hamilton Plant"). (A-118(a), ¶ 2). In 1995, Grace submitted a report regarding the environmental condition of the Hamilton Plant (the "1995 Grace Report") to the New Jersey Department of Environmental Protection (the "NJDEP"). (A-52(a)). The 1995 Grace Report was prepared by an environmental consultant on behalf of Grace in connection with the closing of the Hamilton Plant. (A-121(a), ¶ II(C)(1)). Based on the 1995 Grace Report, the NJDEP issued no further action letters for the Hamilton Plant in August and November 1995. See Appellant Brief at p. 7.

In the period from October 2000 to August 2001, the United States Environmental Protection Agency (the "EPA") sampled the Hamilton Plant and its surroundings, and found concentrations of asbestos in the soil at the Hamilton Plant. (A-116(a), ¶ II(A)(1)).

On April 2, 2001, Grace and its debtor affiliates (collectively, the "Debtors") filed voluntary petitions for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"). Pursuant to section 362 of the Bankruptcy Code, an automatic stay immediately went into effect, which prohibits the commencement of any actions against the Debtors. Also, at that time, creditors, including various agencies within the State of New Jersey, received notice of the bankruptcy petitions. Bankr. D.I. 279 - 286.[3]

On August 14, 2001, a Deputy Attorney General for the State of New Jersey, on behalf of the NJDEP, filed a Notice of Appearance and Request for Service of Papers and Other Documents in these chapter 11 cases. Banrk. D.I. 837.

---

[2]   Citations to "A-__" herein refer to the designated pages in the Appendix to the Appellant Brief.
[3]   Bankr. D.I. 279 - 286 are not imaged. The relevant pages from these docket entries are attached to this Appellee Brief as Exhibit 1.

2

The Debtors' schedules filed in June, 2001 (the "Schedules") contained multiple entries

for the NJDEP. All scheduled claims for the NJDEP were for environmental liabilities, in

unknown amounts, and marked as contingent, unliquidated and disputed. Specifically, there are

11 entries on the Schedules for the NJDEP.[4] Bankr. D. I. 426.[5]

By an order dated April 22, 2002 (the "Bar Date Order"), this Court set March 31, 2003

as the last date for filing proofs of claim for all pre-Petition Date claims relating to (i) asbestos

property-damage, (ii) non-asbestos claims (including all governmental claims), and (iii) medical

monitoring claims (the "Bar Date"). Bankr. D.I. 1963. The Bar Date Order provides as follows:

> Any person holding an Asbestos Property Damage Claim, Medical
> Monitoring Claim or Non-Asbestos Claim who does not file a
> completed Proof of Claim Form on or before the Bar Date shall be
> forever barred to the extent of applicable law from (a) participating
> in the Debtors' estates; (b) voting with respect to any plan of
> reorganization filed in these cases; and (c) receiving any
> distribution from the Debtors or any entity created pursuant to or in
> connection with any confirmed plan of reorganization in these
> cases....

Bankr. D.I. 1963 at ¶ 6. The Bar Date Order further provides that, "notice of entry of this Order

and of the Bar Date shall be deemed good, adequate and sufficient notice of the Bar Date and all

procedures and requirements in connection therewith if served together with the Bar Date Notice

Package . . . ." Bankr. D.I. 1963 at ¶ 4.

The notice (the "Bar Date Notice") that was sent to all known claimants and published in

several national and local newspapers also makes it abundantly clear that the failure to file a

---

[4]  The following divisions or employees of the NJDEP were listed on the Schedules: Division of Responsible
Party Site Remediation Attn: Richard Burgos (Trenton, NJ), Division of Site Remediation Attn: Gary Gruelich
(Project Manager) (West Orange, NJ), Southern Air Program Attn: Harry Hornikel (Camden, NJ), Bureau of
Fund Management Compliance & Recovery (Trenton, NJ), and the following employees: Deborah Cowell,
Sergio Honl (Case Manager), Robert Shinn Jr. (Commissioner), and NJDEP Section Chief.

[5]  Bankr. D.I. 426 is not imaged and the Debtors had not included copies of the Schedules in their Objection to the
NJDEP Late Claim Motion. During oral argument, Judge Fitzgerald requested copies of the Schedules. The
(Continued...)

claim by the Bar Date will result in a forfeiture of such a claim against any of the Debtors'
estates. Bankr. D.I. 1960. The Bar Date Notice states in section 9, "EFFECT OF NOT FILING
A CLAIM":

> ANY HOLDER OF A [CLAIM] . . . WHO FAILS TO FILE A
> PROOF OF CLAIM ON OR BEFORE THE BAR DATE . . . ,
> *SHALL BE FOREVER BARRED, ESTOPPED AND ENJOINED*
> FROM ASSERTING ANY SUCH CLAIMS (OR FILING A
> PROOF OF CLAIM WITH RESPECT TO SUCH CLAIMS)
> AGAINST ANY OF THE DEBTORS, THEIR PROPERTY OR
> THEIR ESTATES . . . .

Bankr. D.I. 1960 at ¶ 9 (emphasis added).

Once the detailed proof of claim forms were approved and the Bar Date Order was
entered, the Debtors spent over $4 million serving and publishing the Bar Date Notice. Bankr.
D.I. 1963.

On June 21, 2002, the Debtors' servicing agent properly served the NJDEP with several
copies of the Bar Date Notice. (A-110(a)-113(a)).[6] The NJDEP admits it received the Bar Date
Notice and had knowledge of the Bar Date. (A-5(a):16-17).

In early November 2002, the EPA provided the NJDEP with copies of a fourteen-page
EPA Action Memorandum titled "Request for a Time Critical Removal Action at the former
W.R. Grace/Zonolite Site in Hamilton Township, Mercer County, New Jersey Action
Memorandum" (the "EPA Memorandum"). (A-128(a)). The NJDEP does not dispute receipt of
the EPA Memorandum. (A-177(a)-178(a), ¶¶ 9-10).

---

relevant pages of the Schedules were handed up in open court. These pages are attached to this Appellee Brief
as Exhibit 2.

[6]  Notice was sent to the New Jersey Department of Environmental Protection including the following divisions:
Division of Responsible Party Site Remediation, Division of Site Remediation Attn: Gary Gruelich (Project
Manager) (West Orange, NJ), Southern Air Program, Bureau of Fund Management Compliance & Recovery
(Trenton, NJ), and the following employees: Deborah Cowell, Robert Shinn Jr. (Commissioner), and NJDEP
Section Chief.

The EPA Memorandum set forth a detailed analysis of, among other things, the Hamilton

Plant site conditions and background, environmental investigations conducted to date, alleged

releases or threatened releases of asbestos into the environment, and the alleged resultant threats

to the public health or welfare. (A-115(a)-134(a)). In a section of the EPA Memorandum

entitled "Potential for Continued State/Local Response," the EPA observed that:

> State and local governments agencies are not able to undertake
> timely response actions to *eliminate the threats* posed by the
> [Hamilton Plant] Site. The state and local governments do not
> have the resources to conduct *the required cleanup actions*.
> However, both organizations will support EPA during this removal
> action.

(A-122(a) at ¶ 8, § II(C)(2) (emphasis added)).

The EPA Memorandum also quotes statements contained in the 1995 Grace Report

submitted to the NJDEP. Specifically, the EPA Memorandum states that in reliance on the

statements in the 1995 Grace Report, the NJDEP issued a no further action letter. The EPA

Memorandum also contains an express statement by the EPA alleging that Grace's

representations in the 1995 Grace Report were inaccurate:

> Based upon [the 1995 Grace Report] and in accordance with ISRA
> [], no further action (NFA) was approved by the NJDEP on
> November 15, 1995.... It is EPA's viewpoint that the information
> described above, as contained in the [1995 Grace Report], is
> inaccurate for the following reasons....

(A-121(a)-122(a), ¶ II(C)(1)). Robert Van Fossen and Janet Smolenski, who the Debtors

understand are both still employed by the NJDEP, were copied on the EPA Memorandum.

(A-128(a)).

A November 6, 2002 entry on a chronology produced by the EPA, confirms that the EPA

Memorandum was forwarded to the NJDEP. (A-136(a)). That same entry states: "[NJDEP] also

kept abreast of removal activities via [Pollution Reports]." (A-136(a)).

5

Despite receiving notice of the Grace Chapter 11 petitions, notice of the Bar Date, and copies of the EPA Memorandum well in advance of the Bar Date, the NJDEP failed to file any proofs of claim associated with the Hamilton Plant. Various other New Jersey governmental entities filed eleven different timely proofs of claim.[7]

By its own admission, at the very latest, the NJDEP became aware of alleged contamination at the Hamilton Plant in or about the fall of 2003 when the NJDEP was asked by the New Jersey Department of Health and Senior Services to comment on a draft Health Assessment for the Hamilton Plant. See Appellant Brief at p. 8. The NJDEP, however, did not file or seek leave to file a late proof of claim at that time.

Also by its own admission, "by 2003, the extent of the contamination ... was delineated and excavation activities began." See Appellant Brief at p. 8. The EPA completed the first phase of remediation at the Hamilton Plant site in April 2004. (A-138(a)). In conjunction with the remediation, the EPA conducted "extensive sampling of residential properties surrounding the [Hamilton Plant] site and found no asbestos above the level that sophisticated lab instruments can reliably measure." (A-138(a)). The final stage of clean-up began in late 2006 and the Debtors understand that the clean-up has been completed.

On June 1, 2005, more than four years after the Petition Date, and more than two years after the Bar Date, the NJDEP filed a state court action against Grace and certain of its employees alleging that they had made misrepresentations and false statements in the 1995 Grace Report with respect to the closure of the Hamilton Plant (the "New Jersey Action").[8]

---

[7]   The New Jersey Proofs of Claim are identified as Proof of Claim Nos. 144, 358, 359, 785, 871, 1213, 1214, 15324, 15351, 17054, 17055.

[8]   See NJDEP v. W.R. Grace & Co., Inc., W.R. Grace & Co.-Conn., Grace-Conn. Successor, Jay H. Burrill & Robert J. Bettacchi, (June 1, 2005) (the "Complaint"). (A-315(a)-316(a), ¶¶ 59, 61). The NJDEP's complaint charges Grace with violating two state statutes, the Industrial Site Recovery Act and the New Jersey Spill,

(Continued...)

6

(A-298(a)-321(a)).  In that Complaint, the NJDEP demanded over $800 million in alleged

penalties.  (A-318(a), ¶¶ (a)-(f)).  Again, the NJDEP did not file or seek leave to file a late proof

of claim at that time.

The New Jersey Action does not seek cessation of a public health, safety or

environmental threat, remediation of the Hamilton Plant site, or recovery of clean-up costs.  As

outlined above, the remediation of the Hamilton Plant site occurred under the auspices of the

federal government, with any and all oversight costs borne by the EPA and other potentially

responsible parties, and not the NJDEP.  The Debtors understand that the remediation has been

completed.  Therefore, the New Jersey Action only seeks to collect a penalty for the Debtors'

failure to "correct" the allegedly false 1995 Grace Report provided to the NJDEP over twelve

years ago.

In September 2005, the Debtors filed an adversary complaint in the Bankruptcy Court,

and a motion for an injunction under sections 105 and 362 of the Bankruptcy Code, seeking to

enjoin the NJDEP from prosecuting the New Jersey Action (the "Injunction Motion").

(A-229(a)-247(a)).

The Bankruptcy Court heard the Injunction Motion on November 14, 2005 and observed

that "the fine is not the damage, it's simply a penalty . . . [s]o I'm not sure how that's not stayed

by 362."  (A-281(a):18-22).  The Court then issued "a temporary stay . . . so that the parties can

---

Compensation and Control Act.  The Complaint alleges that Grace and two of its employees failed to disclose
material facts concerning the risks of processing vermiculite in a June 5, 1995 report submitted to the NJDEP.
(A-315(a)-317(a), ¶¶ 60-64).  The Complaint further alleges that "[s]ince June 5, 1995, each of the Defendants
has continued to withhold the correct information that should have been included in the [report] and has failed
to correct the misinformation provided in the [report]."  (A-317(a), ¶ 65).  The NJDEP asserts that the
Defendants have committed a separate violation of each statute for every "day Defendants failed to correct the
false information."  (A-317(a), ¶ 65).  According to the NJDEP, these alleged violations could amount to over
$800 million in penalties (civil penalty for each person, officer or management official for not more than
$75,000 per day for each offense starting in 1995 and each day the violation continues constitutes an additional
and separate offense).  (A-318(a), ¶¶ (a)-(f)).

7

meet and confer in an effort to resolve the issues that were discussed [at the hearing] consensually." (A-287(a):1-4).

Despite dialogue and inquiries from the Debtors, the NJDEP did not submit a settlement demand to the Debtors until almost a year later on November 2, 2006. On March 5, 2007, representatives of the Debtors and the NJDEP then met to discuss the settlement demand. The matter was not resolved.

On April 2, 2007, the parties reargued the Injunction Motion. At that hearing, the Bankruptcy Court stated that "I am still pretty much convinced that because of the fact that this is not an ongoing problem, that it is not going to be subject to the exception of 362(b)(4)." (A-39(a):13-16). The Court took the Injunction Motion under advisement and the parties currently await a ruling. The issue of whether the New Jersey Action is stayed by section 362 of the Bankruptcy Code or should be enjoined under section 105 of the Bankruptcy Code is not before this Court.

More than six years after the Petition Date, nearly five years after learning of its alleged claim, more than four years after the expiration of the Bar Date, and almost two years after commencing the New Jersey Action, on April 26, 2007, the NJDEP filed its *Brief in Support of Motion Seeking Order to File a Late Proof of Claim* (the "NJDEP Late Claim Motion"). (A-44(a)-88(a)). In the NJDEP Late Claim Motion, the NJDEP seeks leave to file a late proof of claim in the amount of $30,035,577.00 for "estimated penalties." (A-60(a)). The late proof of claim attached to the NJDEP Late Claim Motion contains no information regarding the basis for the $30 million figure. (A-61(a)-88(a)).

The Bankruptcy Court held a hearing on the NJDEP Late Claim Motion on July 23, 2007. After reviewing all of the pleadings and considering the arguments of counsel, the Bankruptcy

Court denied the NJDEP Late Claim Motion. (A-29(a):12-14). That denial was memorialized in an Order dated August 2, 2007 (the "Order"). (A-1(a)). The Bankruptcy Court found that the NJDEP had not established any of the relevant factors needed to establish that the NJDEP met the "excusable neglect" standard to file a late proof of claim. (A-27(a):17 - 29(a):7). The Bankruptcy Court specifically stated the Debtors have been working to resolve all claims and if the NJDEP's claim "were to be allowed in the amount of $31 million, that is a substantial claim …, and as a result, I think it would be prejudicial to this estate if it were to be allowed in that amount." (A-29(a):3-7).

During oral argument on the NJDEP Late Claim Motion, the Bankruptcy Court stated, several times, that creditors who receive notice of a bankruptcy filing, especially if they are listed as having disputed, unliquidated and contingent claims, are required to investigate the claim and that there is no exception or distinction for a governmental entity. (A-10(a):14-15 and A-12(a):19-20). The Bankruptcy Court also rejected the NJDEP's contention that the filing of the New Jersey Action in state court constituted an informal proof of claim. (A-7(a):10-19).

On August 10, 2007, the NJDEP timely appealed the Order to this Court. (A-41(a)-43(a)). By order of this Court, the NJDEP's appellant brief was due on September 27, 2007. The NJDEP failed to file its appellant brief by such date, stating that they had not received notice of the filing requirement. This Court granted the NJDEP an extension after that deadline and the NJDEP filed its appellant brief on November 5, 2007 (the "Appellant Brief").

## ARGUMENT

### I.    The NJDEP Failed To Prove "Excusable Neglect" Or Even Neglect.

Bankruptcy Rule 9006(b)(1) grants courts the authority to accept late filings of claims where the movant's failure to comply with the bar date "was the result of excusable neglect." Fed. R. Bankr. P. 9006(b)(1). The Supreme Court has held that, under this rule, courts are

9

permitted, *where appropriate*, to accept late filings caused by inadvertence, mistake or carelessness, as well as intervening circumstances beyond the party's control. See Pioneer Inv. Servs. Co. v. Brunswick Ass'n Ltd. P'ship, 507 U.S. 380, 388 (1993).

In determining whether to allow late proofs of claim, the Supreme Court has stated that the court's "inquiry is guided by one of the principal purposes of bankruptcy law, to secure within a limited period the prompt and effectual administration and settlement of the debtor's estate." Katchen v. Landy, 382 U.S. 323, 328 (1966).

The Bankruptcy Court rightfully determined that the NJDEP Late Claim Motion should be denied because the NJDEP failed to satisfy the excusable neglect test set forth in Pioneer. The NJDEP does not dispute that Pioneer sets forth the appropriate standard to determine whether or not the NJDEP should be granted leave to file a late proof of claim. See Appellant Brief at p. 11.

## A. The NJDEP's Conscious Disregard of the Bar Date Does Not Constitute Neglect.

The NJDEP must establish neglect before the "excusable neglect" test can even be applied. See Pioneer, 507 U.S. at 388 (stating that before it could determine what sorts of neglect might be considered "excusable," it must first determine there was neglect). If a claimant makes a conscious and informed decision not to file a claim before the bar date, there can be no neglect, leaving the bankruptcy court with no discretion to grant an extension of time for the claimant to file a claim after the bar date has lapsed. See Artificial Intelligence Corp. v. Casey (In re Casey), 198 B.R. 918, 925 (Bankr. S.D. Cal. 1996).

The NJDEP's actions leading up to the filing of the NJDEP Late Claim Motion show a consistent and conscious disregard for the Bankruptcy Court and the Bankruptcy Rules. Thus, the NJDEP cannot possibly demonstrate neglect. For example:

10

- Prior to the Bar Date, the NJDEP was made aware on two separate occasions (notice of the Petition and notice of the Bar Date) that it may be a potential creditor of the Debtors;

- In 2001, the NJDEP was listed on the Debtors' Schedules 11 separate times as having contingent, unliquidated, disputed environmental claims; and

- In November 2002, the NJDEP received the EPA Memorandum wherein the EPA made clear that the NJDEP had a potential claim, quoting allegedly inaccurate statements made in the 1995 Grace Report upon which the NJDEP had based its no further action letters.

After the Bar Date, the NJDEP spent resources to file the New Jersey Action in state court, but deliberately and consciously waited four years to seek to file a claim in the Grace chapter 11 cases. By its own admission "for awhile there we thought we [would] file[] the complaint in state court and thought we would fix liability. We didn't think about filing a proof of claim." (A-7(a):3-6).

### (1)    *Prior to the Bar Date, the NJDEP knew of but failed to file its claim.*

The NJDEP contends that its receipt of the EPA Memorandum does not mean that the NJDEP had any "reason to think that the [NJDEP] had a claim for the submittal of false information committed by Grace." (A-177(a)-178(a), ¶¶ 9-10). However, as stated above, the EPA Memorandum explicitly outlined the NJDEP's potential claim and specifically referred to the 1995 Grace Report submitted to the NJDEP. The NJDEP either ignored the EPA Memorandum or mistakenly concluded that it did not have to take action in the Chapter 11 cases to assert any claim it may have.

The NJDEP argues, in effect, that it should be held to a different standard because it is a governmental bureaucracy. (See, e.g., A-8(a):16-20). But, the case law is clear -- governmental agencies receive no special treatment and must file claims like every other claimant. See In re Pigott, 684 F.2d 239, 244 (3d Cir. 1982) (stating that "bureaucratic ineptitude" does not grant the

11

claimant an extension of the bar date) (*abrogated on other grounds*); see also, In re Int'l

Horizons, Inc., 751 F.2d 1213, 1219 (11th Cir. 1985) (wherein the government conceded that it

did not have reason to receive special consideration in determination of its late claims); Matter of

Dewey Beach Enters., Inc., 110 B.R. 681, 686 (Bankr. Del. 1990) (stating that allowing a

governmental entity an extension to file a claim because of a bureaucratic "mix-up" would allow

such entity to "be twisted into excusable neglect").

Additionally, as the Bankruptcy Court stated during oral argument, creditors who are

listed on the Debtors' Schedules as having contingent, unliquidated and disputed claims have "a

duty to investigate what the claim is." (A-11(a):15-18). See also, Pioneer, 507 U.S. at 384

(implying duty of investigation when the Supreme Court stated "you must file a proof of claim if

your claim is scheduled as disputed, contingent or unliquidated, is unlisted or you do not agree

with the amount"); Nat'l Steel Corp., 316 B.R. 510, 518 (Bankr. N.D. Ill. 2004) (stating that it is

a creditor's "responsibility to explore, investigate and file a proof of claim against... the debtors,

not the other way around.  The debtors' actions or inactions are irrelevant."); Matter of Dewey

Beach Enters., 110 B.R. at 684.  The NJDEP concedes it was listed on the Schedules in 11

different entries for contingent, unliquidated, disputed environmental claims. (A-9(a):20).  It

simply ignored its obligation to investigate or file its potential claims against the Debtors.

### (2) *After the Bar Date, the NJDEP missed several opportunities to file a claim.*

Assuming, arguendo, that the NJDEP was not aware of its claim until after the Bar Date,

at the very least, by the NJDEP's own admission, it was aware of the alleged contamination that

forms the basis for its claim "in or about the Fall of 2003." See Appellant Brief at p. 8.  The

NJDEP offers no explanation for its failure to file or seek leave to file a late proof of claim at that

time, which would have been only approximately six months after the Bar Date had lapsed.

12

Instead, the NJDEP offers two arguments to explain its four-year delay in filing the NJDEP Late Claim Motion. Neither argument equates to neglect. Instead, the arguments equate to either an intentional plan to attempt to circumvent the Bar Date or a mistake in the law with respect to the impact of the Bar Date.

First, the NJDEP states there was no need to file a proof of claim because the NJDEP intended to litigate and establish the amount of its claim in state court ("there was no need to file [a motion seeking filing of a late proof of claim] if the [NJDEP] were going to litigate to establish liability as was the purpose of the complaint") (A-179(a), ¶ 12). The NJDEP is clearly wrong -- a claimant must file a claim before the applicable bar date, even if the claim amount is not yet fixed. See, e.g., In re Grand Union Co., 204 B.R. 864, 871 (Bankr. D. Del. 1997) (*citing* Bankruptcy Rule 3003(c)(2)) (stating any creditor whose claim is listed as disputed, contingent or unliquidated is required to file a proof of claim before a bar date); In re Southern Commodity Corp., 62 B.R. 4, 6 (Bankr. S.D. Fla. 1986) (finding that governmental claimant was obligated to file an unliquidated claim and failed to otherwise show excusable neglect when its only excuse for failure to file a timely claim was that it was uncertain of its entitlement to a claim amount until such amount was recognized and fixed during a separate criminal proceeding); see also, In re Kyle v. Campbell Soup Co., 28 F.3d 928 (9th Cir. 1994) (mistake of law did not constitute excusable neglect); In re Diaz, 330 B.R. 875, 879 (Bankr. M.D. Ga. 2005) (*citing* Advanced Estimating Sys. Inc. v. Riney, 130 F.3d 996 (11th Cir. 1997)).

Second, the NJDEP argued that filing or seeking leave to file a late proof of claim in October 2003, would have had the same effect, and garner the same objection from the Debtors as to the timeliness of filing, that now exists ("once we missed the bar date and once we decided to try to file a late proof of claim, I don't think the debtors - I think the debtors would have

13

objected whether it was one year late, or two years late, or four years late.") (A-20(a):23-25 -
A-21(a):1). The NJDEP essentially contends that the length of delay in filing a claim after the
Bar Date has past is irrelevant. The NJDEP is incorrect as a matter of law. "Length of delay" is
one of the four factors cited in Pioneer. Therefore, the Bankruptcy Court rightfully disagreed
with the NJDEP, stating "Even if the debtors had objected to a claim that's filed six months late
… that seems to me to make an argument for excusable neglect because you filed the claim
within what New Jersey would contend is a very short time after you found out about the claim,
but the problem I have now is, it's four years down the road, and I don't see what takes four
years to put together the fact that you have a claim.…" (A-21(a):10-19).

The NJDEP also does not explain its failure to file or seek leave to file a claim during the
ensuing three and a half years, while the NJDEP (i) expended the time and resources to file the
New Jersey Action in violation of the automatic stay, and (ii) filed numerous other pleadings in
the New Jersey state court, the New Jersey district court, and the Delaware Bankruptcy Court.[9]

Simply put, the NJDEP's failure to file its claim on a timely basis does not constitute
neglect that may be excused by the Court. The NJDEP admitted receiving notice of the Bar Date
and made a conscious decision not to file a claim for years. It only sought to file a claim when it
was unable to reach a settlement with the Debtors. (A-22(a):12-18).

---

[9] The NJDEP filed:
- New Jersey Action in June 2005 in Superior Court of New Jersey (A-298(a)-321(a));
- motion to dismiss the Debtors' complaint in October 2005 in Delaware Bankruptcy Court (A-205(a)-228(a));
- motion to remand to the New Jersey Superior Court in October 2005 in the District Court of New Jersey (A-322(a)-351(a));
- reply to the Debtors' opposition to remand to New Jersey Superior Court in October 2005 in the District Court in New Jersey (A-407(a)-417(a)); and
- opposition to the Debtors' motion to transfer venue in October 2005 in the District Court of New Jersey (A-363(a)-378(a)).

14

**B.**    **The NJDEP Fails to Satisfy the Pioneer Four-Factor Test.**

As established above, the NJDEP has not demonstrated the requisite neglect with respect

to its failure to file a timely claim. Thus, an inquiry into whether or not it has established

"excusable" neglect under the Pioneer four-factor test is unwarranted. However, assuming,

arguendo, that the NJDEP's failure to file a claim prior to the Bar Date constituted neglect, the

Bankruptcy Court rightfully determined such neglect was not excusable.

Whether neglect in failing to file a timely claim is "excusable," is determined by the

following factors: (i) the danger of the prejudice to the debtor; (ii) the length of delay and its

potential impact on judicial proceedings; (iii) the reason for delay, including whether it was

within the reasonable control of the movant; and (iv) whether the movant acted in good faith.

See Pioneer, 507 U.S. at 381. The burden of proving excusable neglect lies with the movant.

See Jones v. Chemetron Corp., 212 F.3d 199, 204 (3d Cir. 2000).

The Bankruptcy Court found that "excusable neglect" was determined by looking at the

totality of the circumstances and applied all of the circumstances in reaching its decision.

(A-26(a):21-23). It found that three of the four Pioneer factors clearly weighed against the

NJDEP. (A-27(a):18-19). Specifically, the Bankruptcy Court stated that "a very long time" had

past between the notices given to the NJDEP in 2002 and 2003 and the NJDEP's moving to file a

late claim. It further found that the NJDEP failed to present any argument "that indicates why

there was not some action to come forward in the Bankruptcy Court before this," other than the

NJDEP hoped to liquidate its claim through a settlement, a rationale that does not satisfy the

excusable neglect standard. (A-27(a):19 - A-28(a):5). The Bankruptcy Court also found that the

fourth factor -- prejudice -- weighed in favor of the Debtors. (A-28(a):7 - A-29(a):7).

The only case that the NJDEP cites to support its claim of excusable neglect is In re

Enron, 2003 Bankr. LEXIS 2113 (Bankr. S.D.N.Y. 2003). Enron is an unpublished opinion from

15

the Southern District of New York and not controlling in the Third Circuit. Additionally, rather

than being on "all fours" as the NJDEP contends, Enron is easily distinguishable from the factual

circumstances present before this Court and does not support the NJDEP's position. In that case,

the claimant did not know, and even with the exercise of a greater degree of diligence could not

have known, of the facts to support a claim until after the bar date. Additionally, the claimant

waited only *one and a half months* after learning about its claim to file a motion for leave. In

sharp contrast, as reflected above, if the NJDEP had exercised due diligence, it should have

known of its claim prior to the Bar Date, and the NJDEP waited *nearly four years* after it

unquestionably knew of its claim to file the NJDEP Late Claim Motion.

In presenting its case, the NJDEP attempts to morph the Pioneer four-factor test into a

one-factor test that revolves only around prejudice to the Debtors. Accordingly, the NJDEP

selectively cites the portion of the Enron opinion that states that there was no significant

prejudice to the debtors because the debtors had not filed a disclosure statement or plan of

reorganization and that allowing the late claim would not have a disruptive effect upon the

debtor's plan.

The Third Circuit has held that a totality of circumstances analysis is the appropriate test

in reviewing the Pioneer factors. See Welch & Forbes, Inc. v. Cendant Corp. (In re Cendant

Corp. Prides Litig.), 233 F.3d 188, 196 (3d Cir. 2000). Considering the four factors set forth in

Pioneer, as applied to this case:

- the danger of prejudice to the Debtors is great;

- the four-year delay in filing a motion seeking leave to file a late
  proof of claim is not explained, reflecting an apparent
  indifference to the NJDEP's obligation to file a proof of claim,
  and would negatively impact the Debtors' Chapter 11 cases;

- the reason for delay in filing a proof of claim was entirely in
  the reasonable control of the NJDEP as it admittedly had notice

16

of the Bar Date and was made aware of its potential claim well
before the filing of the NJDEP Late Claim Motion; and

- the NJDEP did not act in good faith as, on the one hand, it
  blamed its delay on governmental bureaucracy and yet, on the
  other hand, admitted it did not think about filing a claim hoping
  instead to liquidate the claim in the New Jersey Action and
  reach a settlement in which its claim would be allowed.

### (1)    *Prejudice*

The Supreme Court in Pioneer noted that "… were there *any evidence* of prejudice to [the

debtor] … we could not say that the Bankruptcy Court abused its discretion in declining to find

the neglect to be 'excusable.'" Pioneer , 507 U.S. at 398 (emphasis added).  The Third Circuit

set forth a number of factors that bankruptcy courts must consider in examining prejudice:

> [1] the size of the claim with respect to the rest of the estate;
> [2] whether allowing the late claim would have an adverse impact
> on the judicial administration of the case; [3] whether the plan was
> filed or confirmed with knowledge of the existence of the claim;
> [4] the disruptive effect that the late filing would have on the plan
> or upon the economic model upon which the plan was based; and
> [5] whether allowing the claim open the floodgates to other similar
> claims.

In re O'Brien Environmental Energy, Inc., 188 F.3d 116, 126 (3d Cir. 1999) (*citing* In re Keene

Corp., 188 B.R. 903, 912-13 (Bankr. S.D.N.Y. 1995)).

The NJDEP's attempt to spin the facts to support its position, ignores that there is

prejudice to the Debtors if the NJDEP's late claim is permitted.  The Debtors have a Chapter 11

Plan and Disclosure Statement on file.  Bankr. D.I. 7559 and 7560.  The Plan calls for the

payment of all allowed general unsecured claims in full.  Upon concluding its current Asbestos

Personal Injury Estimation Proceedings, the Debtors intend to move to confirm their Plan.  The

NJDEP's proposed claim of approximately $30 million is sizable and could very well adversely

impact distributions to other general unsecured creditors.  Additionally, overturning the

Bankruptcy Court's denial of the NJDEP Late Claim Motion would encourage uncertainty and

17

deprive the Debtors of any assurance of the scope of their liabilities, which was the fundamental purpose behind the Bar Date. Allowing the NJDEP's late claim to be filed now may open the "flood gates" for other late claims and render the Bar Date meaningless.

In order to progress towards confirmation of a plan, the Debtors need a degree of certainty with respect to the potential claims that will have to be satisfied. Accordingly, while the Debtors prepare for a trial on the estimation of their asbestos personal injury liabilities, the Debtors have adjudicated the great majority of their other claims.[10] Permitting the NJDEP to assert such a substantial claim this late in the process will certainly be prejudicial to the Debtors and their creditors that have abided by the Bar Date.

### (2)  *Other Three Pioneer Factors*

There is no dispute that the NJDEP received notice of the Bar Date yet waited over four years after its expiration to file the NJDEP Late Claim Motion. There is also clear proof that the NJDEP should have known of its alleged claim at least several months before the Bar Date. Courts nationwide have "taken a hard line" in applying the "reason for delay" factor of Pioneer. See, e.g., In re Enron Corp., 419 F.3d 115, 122 (2d Cir. 2005); see also, U.S. v. Torres, 372 F.3d 1159, 1162-63 (10th Cir. 2004); In re Kmart Corp., 381 F.3d 709, 715 (7th Cir. 2004) ("[I]n this case, the factor is immensely persuasive."); Lowry v. McDonnel Douglas Corp., 211 F.3d 457, 463 (8th Cir. 2000).

Courts have found that a claimant's additional and conscious delay weighs against a finding of excusable neglect. See Trump Taj Mahal Assocs. v. Alibraham (In re Trump Taj Mahal Assocs.), 156 B.R. 928, 930-32 (Bankr. D. N.J. 1993) (denying motion for leave because

18

claimants waited more than one year after the bar date to file state court lawsuits instead of claims); Nat'l Steel Corp., 316 B.R. at 519 (bankruptcy court "cannot and will not ignore" claimant's additional five month delay in filing a motion after learning of potential liability as the claimant "sat on its hands and did nothing.").

The NJDEP's delay is analogous to the creditors' delay in Taj Mahal. The NJDEP Late Claim Motion was filed over four years after the Bar Date, which is three years longer than the creditors' "significant" delay in Taj Mahal. Taj Mahal, 156 B.R. at 938. The NJDEP admits that it was aware of its alleged claim in the fall of 2003. Still, the NJDEP sat on its hands for almost two years thereafter and then filed not a claim but the New Jersey Action. It waited nearly two more years after that before it filed the NJDEP Late Claim Motion. Thus, the Bankruptcy Court properly found that the NJDEP had not established excusable neglect.

II.    **The Remainder of the NJDEP's Arguments are Irrelevant to this Appeal.**

The NJDEP spends the remaining 10 pages of its Appellant Brief discussing topics that are irrelevant to this appeal. Since it cannot establish excusable neglect, the NJDEP attempts to paint Grace in a bad light, apparently to sway this Court into thinking that the NJDEP is a "victim" and should be given leave to file its late claim. However, Grace's alleged actions regarding the underlying claim are not at issue. As discussed above, the issue is whether the NJDEP has satisfied the excusable neglect standard in Pioneer. Accordingly, this Court should ignore the entire second half of the NJDEP's Appellant Brief.

Specifically, in Point II of the Appellant Brief, the NJDEP discusses the environmental clean-up laws in the State of New Jersey (ISRA) and the magnitude of the State of New Jersey's

---

10    Out of a total 3259 non-asbestos claims filed to date, the Debtors have resolved all but approximately 300 non-asbestos claims. In the past 15 months alone, the Debtors reduced the outstanding total of non-asbestos claims by nearly 1000. Additionally, of the approximately 4,035 asbestos property damage claims filed to date, the
(Continued...)

19

hazardous waste problem. The NJDEP states "Decades of industrial activity have left this state with a legacy of hazardous waste. That legacy continues to threaten the State's public health and ecology." See Appellant Brief at p. 17. The NJDEP also states "the State *penalty* action clearly involves critical issues of public health, safety and the environment." See Appellant Brief at p. 19. (emphasis added) These statements are irrelevant to the issue on appeal and somewhat disingenuous. All remediation work at the Hamilton Plant has been performed by the EPA or other potentially responsible parties. The NJDEP did not perform nor pay for the clean-up, nor did it have to expend any significant administrative resources to assure its performance. And, now that the Debtors understand that the clean-up of the Hamilton Plant is complete, there is no public health, safety or environmental concern that exists. The NJDEP's claim is, as the NJDEP itself admits, simply a penalty action meant to punish the Debtors by hitting their pocketbook.

The NJDEP also attempts to portray itself in a positive light when, in Point III of the Appellant Brief, the NJDEP discusses whether or not the New Jersey Action is an exercise of its police power exempted from the automatic stay of section 362 of the Bankruptcy Code. That issue is currently pending before the Bankruptcy Court, has not been decided, and is not ripe for review by this Court. The only relevance of the underlying litigation is to illustrate the NJDEP's knowledge of its potential claim and attempt to do an end run around the bankruptcy process to liquidate it. The fact is, the NJDEP decided in 2005 to expend resources to file the New Jersey Action in state court, but still did not attempt to file or seek leave to file a late proof of claim in the Bankruptcy Court. Instead, the NJDEP waited nearly two more years after filing the New Jersey Action, to finally seek leave to file its proof of claim. This extremely lengthy delay,

---

Debtors have resolved or expunged, or the claimants have withdrawn, all but approximately 200 asbestos property damage claims.

despite repeated opportunities, is in part what led the Bankruptcy Court to find that the NJDEP

failed to show "excusable neglect."

## CONCLUSION

For the reasons set forth herein, the Bankruptcy Court did not abuse its discretion in

concluding that the NJDEP failed to establish excusable neglect in failing to file a timely proof

of claim. Thus, the Bankruptcy Court's decision to deny the NJDEP permission to file such

claim should be sustained.

November 26, 2007                              Respectfully submitted,

                                              Laura Davis Jones (#2436)
                                              James E. O'Neill (#4042)
                                              PACHUSLKI, STANG, ZIEHL & JONES LLP
                                              919 North Market Street, 17th Flr
                                              P.O. Box 8705
                                              Wilmington, DE 19899-8705
                                              (302) 652-4100

                                              and

                                              David M. Bernick, P.C.
                                              Janet S. Baer
                                              Lori Sinanyan
                                              KIRKLAND & ELLIS LLP
                                              200 East Randolph Dr.
                                              Chicago, IL   60601
                                              (312) 861-2000
                                              *Co-Counsel for the Debtors*

                                              Lewis Kruger (AGK)
                                              Lewis Kruger
                                              Kenneth Pasquale
                                              Stroock & Stroock & Lavan LLP
                                              180 Maiden Lane
                                              New York, NY 10038-4982
                                              (212) 806-5400
                                              *Counsel for the Official Committee of Unsecured Creditors*

21

# EXHIBIT 1

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | § | |
| | § | |
| W. R. GRACE & CO., et al | § | Chapter 11 |
| | § | |
| | § | |
| Debtors. | § | Case No. 01-01139 |
| | § | (Jointly Administered) |

## CERTIFICATE OF SERVICE

I hereby certify that the applicable documents, more fully described on the attached Exhibit "A," was served April 25, 2001 via United States first class mail or applicable foreign postage, on the parties listed on the accompanying service list.

R.R. DONNELLEY & SONS

By: _Pamela D. Fackler_

Pamela D. Fackler

1842 Colonial Village Lane
Lancaster, PA 17605
717/390-7369

Dated: 4|25|01



_Theresa M. Taylor_

Notarial Seal
Theresa M. Taylor, Notary Public
East Lampeter Twp., Lancaster County
My Commission Expires Dec. 6, 2003
Member, Pennsylvania Association of Notaries

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

In re:                              §
                                    §
W. R. GRACE & CO., et al            §        Chapter 11
                                    §
                                    §
                                    §
           Debtors.                 §        Case No. 01-01139
                                    §        (Jointly Administered)

## EXHIBIT "A" TO CERTIFICATE OF SERVICE

1.    Notice of Commencement of Chapter 11 Bankruptcy Cases, Meeting of Creditors and
      Fixing of Certain Dates

W.R. Grace Co.
Service List
Notice of Commencement and Meeting of Creditors

Date: 04/25/2001
Time: 13:01:37

| Person Code | Name | Address |
|---|---|---|
| 1588402 | N. MISS. MEDICAL CENTER | Attn 837 S. GLASTER ST. C/O SRD TUPELO MS 38802 |
| 1588471 | N. MISS. MEDICAL CENTER | Attn 837 S. GLASTER ST. C/O SRD TUPELO MS 38802 |
| 1597966 | N. WESTERN UNIVERSITY | Attn C/O ASC SHERATON ROAD EVANSTON IL 60201 |
| 1589282 | N.A. WEST BLOCK | P O BOX 128 EAST ELLIJAY GA 30539 |
| 1589283 | N.A. WEST BLOCK | HWY. 282 EAST ELLIJAY GA 30539 |
| 1611080 | N.A. WEST BLOCK CO. | HGWY. 282 EAST ELLIJAY GA 30539 |
| 1554196 | N.B.M.U.A. | PO BOX 11398 NEWARK NJ 7101 |
| 1606305 | N.C. GLOBAL TRANPARK ATH. | 2760 JETPORT RD., SUITE A KINSTON NC 28504 |
| 1585129 | N.C. PRODUCTS | ATTN: ACCOUNTS PAYABLE RALEIGH NC 27611 |
| 1553828 | N.C.M.C.A. | PO BOX 40399 RALEIGH NC 27629-0399 |
| 1586142 | N.E. CEMENT BLOCK | 479 BROADWAY RD. DRACUT MA 1826 |
| 1112808 | N.E. CHEMCAT | 678 IPPONMATSU, NUMAZU SHIZUOKA IT 99999999 JAPAN |
| 1115658 | N.E. CHEMCAT | 678 IPPONMATSU, NUMAZU SHIZUOKA 410-03 IT 99999999 JAPAN |
| 1593751 | N.E. PICOUET | PO BOX 962 ANGEL FIRE NM 87710 |
| 1597667 | N.E. READY MIX CONCRETE CORP. | RTE 30 FRAMINGHAM MA 1701 |
| 1553231 | N.E.C.O.E.M. | 50 BURROUGHS STREET BOSTON, MA MA 2130 |
| 1111721 | N.E.R. DATA PRODUCTS | Attn INDUSTRIAL DRIVE INDUSTRIAL PARK BLYTHEVILLE AR 72315 |
| 1115448 | N.E.R. DATA PRODUCTS | Attn ATTN: PURCHASING PO BOX 124 BLYTHEVILLE AR 72316 |
| 1601253 | N.F.P.A. C/O EAST COAST | 4 BATTERYMARCH PARK QUINCY MA 2169 |
| 1602558 | N.H. WILBERT VAULT CO. | 12 INDUSTRIAL PARK DRIVE CONCORD NH 3301 |
| 1602561 | N.J. DEPT. OF STATE BLDG | Attn C/O NEW ENGLAND FIREPROOFING 200 ENTERPRISE AVE TRENTON NJ 9638 |
| 1592544 | N.L.P. ENTERPRISES INC. | P.O. BOX 249 OWINGS MILLS MD 21117 |
| 1555970 | N.M.FALES, INC | PO BOX 311 WESTWOOD MA 2090 |
| 1617431 | N.N.E.C.P.A. | PO BOX 6427 SCARBOROUGH ME 04070-6427 |
| 1088667 | N.P.R., INC. | Attn NAVIERAS PO BOX 8069 PHILADELPHIA PA 19101-8069 |
| 1572309 | N.S. LOWE COMPANY, INC. | 76 9TH AVENUE NEW YORK NY 10011 |
| 1609084 | N.S.P. | Attn C/O OLYMPIC WALL 414 NICHOLET MALL MINNEAPOLIS MN 55402 |
| 1552273 | N.T. FASTENERS & SUPPLY | PO BOX 1028 THREE RIVERS MI 49093 |
| 1586137 | N.T. GARGIULO/DRESICK | Attn 35500 W. SHAW AVENUE PHOENIX COATINGS FIREBAUGH CA 93622 |
| 1603620 | N.W. AIRLINES/DETROIT-MIDFIELD TERM | Attn HUBART, HUNT & NICHOLS SITE C/O J.L. MANTA 2700 MIDFIELD DRIVE DETROIT MI 48242 |
| 1603880 | N.W. ATHLETIC CLUB | Attn C/O BAHL, INC. 85TH AVENUE OFF OF I-84 MAPLE GROVE MN 55369 |
| 1579937 | N.W. MARTIN BROTHERS | 1531 SAINT JAMES STREET RICHMOND VA 23222 |
| 1587942 | N.W. PIPE COMPANY | 12351 RANCHO RD. ADELANTO CA 92301 |
| 1617555 | N.W. WALL & CEILING BUREAU | 1032-A NE 65TH STREET SEATTLE WA 98115 |
| 1545181 | N.Y.C. DEPT. OF FINANCE | Attn CHURCH STREET STATION P.O. BOX 5097 NEW YORK NY 10256-5097 |
| 1587097 | N0018102 | Attn NORFOLK NAVAL SHIPYARD RECEIVING OFFICER, BLDG. 276 PORTSMOUTH VA 23709-5000 |
| 1111736 | N0042160 | Attn RECEIVING OFFICER, MS-31 SUPPLY DEPT. BLDG. 665 PATUXENT RIVER MD 20670-5665 |
| 1097901 | N57 | N57W24728 NIGHTHAWK CT. SUSSEX WI 53089-5049 |
| 1554651 | NAA/NRMCA | P.O. BOX 79433 BALTIMORE MD 21279-0433 |
| 1120354 | NABA K DAS | 3605 MELLOR VALLEY CT ELLICOTT CIT MD 21042-3759 |

Page: 2628 of 4145

W.R. Grace Co.
Service List
Notice of Commencement and Meeting of Creditors

Date:   04/25/2001
Time:   13:01:37

| Person Code | Name | Address |
|---|---|---|
| 1583920 | NEW HOLLAND CONCRETE PROD | Attn 805 E.JACKSON ST PO BOX 196 NEW HOLLAND PA 17557 |
| 1583921 | NEW HOLLAND CONCRETE PROD | PO BOX 218 NEW HOLLAND PA 17557 |
| 1583922 | NEW HOLLAND CONCRETE PRODUCTS | 828 EAST EARL ROAD NEW HOLLAND PA 17557 |
| 1101560 | NEW HORIZONS | P.O. BOX 23345 CHATTANOOGA TN 37422-3345 |
| 1564816 | NEW HORIZONS | P O BOX 891554 DALLAS TX 75389-1554 |
| 1560239 | NEW HORIZONS | 4680 N UNIVERSITY DR FORT LAUDERDALE FL 33351 |
| 1557608 | NEW HORIZONS | Attn SUITE 100 33 VILLA RD GREENVILLE SC 29615 |
| 1550910 | NEW HORIZONS | 14115 FARMINGTON ROAD LIVONIA MI 48154 |
| 1548749 | NEW HORIZONS | 14115 FARMINGTON ROAD LIVONIA MI 48154 |
| 1548748 | NEW HORIZONS | 14115 FARMINGTON ROAD LIVONIA MI 48154 |
| 1615011 | NEW HORIZONS CLC OF LOS ANGELES | Attn COMPUTER LEARNING CENTERS INC. 1231 E. DYER ROAD SUITE 140 SANTA ANA CA 92705-5643 |
| 1616144 | NEW HORIZONS CLC OF NASHVILLE INC. | 100 CORPORATE POINTE,SUITE 195 CULVER CITY CA 90230 |
| 1545200 | NEW HORIZONS COMPUTER LEARNING | P O BOX 164 MEMPHIS TN 38101-0154 |
| 1551998 | NEW HORIZONS COMPUTER LEARNING | 2600 THOUSAND OAKS BLVD MEMPHIS TN 38118 |
| 1614906 | NEW HORIZONS COMPUTER LEARNING | Attn CENTER 2851 S PARKER ROAD #1300 AURORA CO 80014-2734 |
| 1103116 | NEW HORIZONS COMPUTER LEARNING CENT | Attn CENTERS OF BIRMINGHAM/MONTGOMERY 601 BEACON PARKWAY WEST SUITE 106 BIRMINGHAM AL 35209 |
| 1551105 | NEW HORIZONS COMPUTER LEARNING CENT | 7125 AMBASSADOR RD., STE. 100 BALTIMORE MD 21244 |
| 1548750 | NEW HORIZONS COMPUTER LEARNING CTR | 5 OLD CONCORD ROAD BURLINGTON MA 1803 |
| 1565561 | NEW HORIZONS COMPUTER LEARNING CTR | 5 OLD CONCORD ROAD BURLINGTON MA 1803 |
| 1616336 | NEW HORIZONS COMPUTER LEARNING CTR | P O LOCKBOX 931814 ATLANTA GA 31193 |
| 1554608 | NEW HORIZONS LANDSCAPING | 7480 MIRAMAR ROAD  SUITE 202 SAN DIEGO CA 92126 |
| 1598909 | NEW HOUSE ROYAL ATHLETIC CENTER | PO BOX 338 FANWOOD NJ 7023 |
| 1555829 | NEW INTERSTATE CONCRETE | Attn C/O TOMAN & ASSOCIATES 1910 EAST CAMPUS DRIVE AUSTIN TX 78705 |
| 1614304 | NEW INTERSTATE CONCRETE | 2223 E MARGARET DRIVE TERRE HAUTE IN 47802 |
| 1565242 | NEW INTERSTATE CONCRETE | PORTABLE PLANT, VARIOUS LOCATIONS TERRE HAUTE IN 47802 |
| 1565243 | NEW INTERSTATE CONCRETE | 2213 MARGARET AVE TERRE HAUTE IN 47802 |
| 1565244 | NEW INTERSTATE CONCRETE SOUTH | 2213 MARGARET AVENUE TERRE HAUTE IN 47802 |
| 1607951 | NEW ISLE HOSPITAL | 3700 N. 13TH STREET TERRE HAUTE IN 47805 |
| 1548751 | NEW JERSEY CONCRETE & | Attn C/O EASTERN MATERIALS 4295 HEMSTEAD TURNPIKE BETHPAGE NY 11714 |
| 1069612 | NEW JERSEY DEPT OF ENV PROTECTION | Attn AGGREGATE ASSOCIATION 1250 PARKWAY AVE STE 101 WEST TRENTON NJ 8628 |
| | | Attn GARY GRUELICH PROJECT MANAGER DIVISION OF SITE REMEDIATION 2 BABCOCK PLACE WEST ORANGE NJ 07052 |
| 1069709 | NEW JERSEY DEPT OF ENV PROTECTION | Attn SERGIO HONL CASE MANAGER 401 EAST STATE STREET P. O. BOX 493 TRENTON NJ 08625 |
| 1069614 | NEW JERSEY DEPT OF ENV PROTECTION | Attn MR. HARRY HORNIKEL SOUTHERN AIR PROGRAM 2 RIVERSIDE DRIVE SUITE 201 CAMDEN NJ 08103 |
| 1069613 | NEW JERSEY DEPT OF ENV PROTECTION | Attn MR. RICHARD BURGOS DIV OF RESPONSIBLE PARTY SITE REMED 401 EAST STATE STREET CN 028 TRENTON NJ 08625-0028 |
| 1618061 | NEW JERSEY DEPT OF ENVIRONMENTAL | Attn PROTECTION BUREAU OF FUND MANAGEMENT COMPLIANCE & RECOVERY 22 SOUTH CLINTON AVENUE 3RD FLOOR TRENTON NJ 08625 |
| 1598043 | NEW JERSEY DEPT OF STATE BUILDING | Attn C/O NORTHEAST FIREPROOFING 225 WEST STATE STREET TRENTON NJ 8638 |
| 1553663 | NEW JERSEY DIV OF MOTOR VEHICLES | CN 008 TRENTON NJ 08866-0008 |
| 1563497 | NEW JERSEY ECONOMIC DEVELOPMENT | Attn AUTHORITY 22 SOUTH CLINTN AVE TRENTON NJ 8625 |

Page:  2671  of  4145

W.R. Grace Co.
Service List
Notice of Commencement and Meeting of Creditors

Date: 04/25/2001
Time: 13:01:37

| Person Code | Name | Address |
|---|---|---|
| 1653237 | NIX JAMES | Attn JAMES 5621 CHERRY ROAD LAKELAND FL 33809 |
| 1653238 | NIX JAMES | Attn JAMES 7 BREWSTER DRIVE TAYLORS SC 29687 |
| 1653239 | NIX JIMMIE | Attn JIMMIE ROUTE 1, BOX 340 WATERLOO SC 29384 |
| 1653240 | NIX JOHN | Attn JOHN 287 BETHANY CHURCH ROAD MOORE SC 29369 |
| 1653241 | NIX MARCUS | Attn MARCUS 512 PARK HAYWOOD APT GREENVILLE SC 29607 |
| 1653242 | NIX MARCUS | Attn MARCUS 512 PARK HAYWOOD APT GREENVILLE SC 29607 |
| 1653243 | NIX NILES | Attn NILES 986 ROCKY RIDGE ROADENOREE SC ENOREE SC 29335 |
| 1076599 | NIX NILES E | 986 ROCKY RIDGE ROAD ENOREE SC 29335 |
| 1653244 | NIX PATRICIA | Attn PATRICIA RT 2 BOX 2389 MAYSVILLE GA 30588 |
| 1595044 | NIX READY MIX | HWY 87 SOUTH TIMPSON TX 75975 |
| 1613750 | NIX READY MIX, INC. | PO BOX190 TIMPSON TX 75975 |
| 1589236 | NIX READY MIX,INC. | P O BOX 190 TIMPSON TX 75975 |
| 1653246 | NIX TERESA | Attn TERESA RT 1 BOX 385 HULL GA 30646 |
| 1653247 | NIX TERRY | Attn TERRY 108 RICHARDSON ST SIMPSONVILLE SC 29681 |
| 1653249 | NIX THERESA | Attn THERESA 246 CONGAREE RD #906 GREENVILLE SC 29607 |
| 1653250 | NIX THOMAS | Attn THOMAS RT. 6, BOX 972 REIDSVILLE NC 27320 |
| 1653251 | NIX VERDIE | Attn VERDIE 4756 PRINCETON MEMPHIS TN 38117 |
| 1670945 | NIX, PATTERSON & ROACH, LLP | 2900 SAINT MICHAEL DRIVE, 5TH FLOOR TEXARKANA TX 75503 |
| 1602552 | NIXA HIGH SCHOOL | Attn C/O SMC HIGHWAY 14 SPRINGFIELD MO 65801 |
| 1105390 | NIXON | 11860 OLD BALTIMORE PIKE BELTSVILLE MD 20705 |
| 1564306 | NIXON | 2925 NORTHEAST BLVD WILMINGTON DE 19802 |
| 1109078 | NIXON | Attn UNIFORM SERVICE, INC. 2825 NORTHEAST BLVD. WILMINGTON DE 19802 |
| 1653252 | NIXON ARGUS | Attn ARGUS P. O. BOX 3841 HOUMA LA 70360 |
| 1568777 | NIXON BURGER | 13505 SW 71ST AVE MIAMI FL 33156 |
| 1653253 | NIXON DAVID | Attn DAVID ROUTE 2 BOX 46 WILBURTON OK 74578 |
| 1545215 | NIXON EXTERMINATING INC | P O BOX 1953 GASTONIA NC 28053-1953 |
| 1653254 | NIXON GERALD | Attn GERALD 1661 SNOWSHOE RD LIBBY MT 59923 |
| 1546214 | NIXON HARGRAVE DEVANS & DOYLE | ONE KEYCORP PLAZA ALBANY NY 12207 |
| 1128892 | NIXON JEREMIAH W | SUPREME CT BLDG 207 W HIGH ST JEFFERSON CITY MO 65101 |
| 1653257 | NIXON LEONARD | Attn LEONARD 3141 HOUSTON RIVER ROAD WEST LAKE LA 70669 |
| 1653258 | NIXON T | Attn T 3714 N. 32ND STREET TAMPA FL 33610 |
| 1075711 | NIXON, HALL & HESS | 80 MERRIMACK STREET MANCHESTER NH 43101 |
| 1120256 | NIZAM USTA | 40 SKILTON LANE BURLINGTON MA 01803-2141 |
| 1567155 | NIZAM USTA | Attn C/O W R GRACE & CO. 62 WHITTEMORE AVE. CAMBRIDGE MA 2140 |
| 1555594 | NJ CHAPTER ACI | Attn DIANNE JOHNSTON, NJACI EXEC DIR. 25 IRELAND BROOK DRIVE,RD#4 NORTH BRUNSWICK NJ 8902 |
| ** 1618718 | NJ DEPT OF ENV PROTECTION | ROBERT SHINN JR COMMISSIONER 401 E STATE ST PO BOX 402 TRENTON NJ 08625-0402 |
| ** 1621175 | NJ DEPT OF ENV PROTECTION | GARY GRUELICH PROJECT MANAGER DIVISON SITE REMEDIATION 2 BABCOCK PLACE WEST ORANGE NJ 07052 |
| 1616722 | NJ DEPT OF ENV PROTECTION | ROBERT SHINN JR COMMISSIONER 401 E STATE ST - P O BOX 402 TRENTON NJ 08625-0402 |
| ** 1618802 | NJ DEPT OF ENV PROTECTION AND ENERG | SECTION CHIEF 401 EAST STATE ST FIFTH FLOOR TRENTON NJ 08625 |
| ** 1620244 | NJ DEPT OF ENV PROTECTION AND ENERG | DEBORAH COWELL 2 BABCOCK PLACE WEST ORANGE NJ 07052 |

Page: 2691 of 4145

W.R. Grace Co.
Service List
Notice of Commencement and Meeting of Creditors

Date: 04/25/2001
Time: 13:01:37

| Person Code | Name | Address |
|---|---|---|
| 1558503 | NJ DIVISION OF FIRE SAFETY | Attn DIVISION OF FIRE SAFETY PO 807 TRENTON NJ 08625-0809 |
| 1128797 | NJ FRESHWATER WETLANDS MITIGATION | NJ DPT OF ENV PROT LAND USE PRGRAM CN401 TRENTON NJ 08625 |
| 1587907 | NJ PORT WATER AUTHORITY | ROUTE 31 CLINTON NJ 8809 |
| 1552925 | NJCAA | 1220 PARKWAY AVENUE SUITE #101 TRENTON NJ 8628 |
| 1599530 | NJCAA | 1230 PKWY AVE., STE 101 WEST TRENTON NJ 8628 |
| 1070903 | NJDEP | Attn BUREAU OF REVENUE PO BOX 417 TRENTON NJ 08625-0417 |
| 1559262 | NJDEP | Attn BUREAU OF REVENUE PO BOX 417 TRENTON NJ 08625-0417 |
| 1652259 | NJNIMBAM LOVALLA | Attn LOVALLA 309 POPLAR LANE MAULDIN SC 29662 |
| 1581398 | NJT | Attn LOCK STREET C.H.E.N BUILDING NEWARK NJ 7101 |
| 1107882 | NKK CORPORATION | Attn TSURUMI-KU 2-1, SUEHIRO-CHO YOKOHAMA IT 99999999 JAPAN |
| 1072938 | NL ENVIRONMENTAL MGMT SERVICES INC | Attn C/O CASEY & YOUNG LLC 14015 PARK DRIVE SUITE 109 TOMBALL TX 77375 |
| 1621154 | NL INDUSTRIES INC | JANET D SMITH ASSOCIATE GEN COUN 445 PARK AVE NEW YORK NY 10022 |
| 1621156 | NL INDUSTRIES INC | JAMES H SCHINK, KIRKLAND & ELLIS 200 EAST RANDOLPH DRIVE CHICAGO IL 60601 |
| 1621155 | NL INDUSTRIES INC | BARRY L SAMS PO BOX 1090 HIGHSTOWN NJ 08520 |
| 1103111 | NLO | P.O. BOX 7222 LAKE CHARLES LA 70606 |
| 1597742 | NLU LIBRARY | Attn C/O JOE BANKS DRYWALL 4100 NORTHEAST DRIVE MONROE LA 71209 |
| 1548753 | NM READY MIX CONCRETE-& | Attn AGGREGATES ASSOC. P.O. BOX 35128 ALBUQUERQUE NM 87176 |
| 1553889 | NMC | Attn C/O JIM LUTHER 95 HAYDEN N. AVE. LEXINGTON MA 2173 |
| 1070103 | NNR AIRCARGO SERVICE INC | 24 RAILROAD ST REVERE MA 2151 |
| 1652860 | NNRTIN DAVID | Attn DAVID 204 COOL BROOK DR GREENVILLE SC 29605 |
| 1585325 | NO BAY DRYWALL CO | PO BOX 750007 PETALUMA CA 94975 |
| 1554474 | NO DIVISION-CAMBRIDGE LITTLE | Attn BASEBALL LEAGUE 141 OXFORD ST CAMBRIDGE MA 2140 |
| 1552377 | NO JERSEY JOINT BOARD TEXTILE | Attn WORKERS 275 7TH AVE FLOOR 11 NEW YORK NY 10001-6708 |
| 1560163 | NO JERSEY JOINT BOARD TEXTILE | Attn WORKERS 4810 KENNEDY BLVD UNION CITY NJ 07087-2715 |
| 1560591 | NO METRO RADIO ASSOC-PUTNAM | PO BOX 300000DEPT 5057 HARTFORD CT 06150-5057 |
| 1582895 | NO ON I-695 | Attn WACA 1605 - 116TH AVENUE NE BELLEVUE WA 98004-3034 |
| 1100816 | NO TOUCH NORTH AMERICA | Attn SUITE 100 20472 CRESCENT BAY DRIVE LAKE FOREST CA 92630-8817 |
| 1599635 | NO-NAME BAR-B-Q, INC. | 101 S.TATAR PASADENA TX 77506 |
| 1545223 | NO. AMERICAN SYSTEMS INTL. | Attn SUITE BB 8201 E. BLOOMINGTON FRWY BLOOMINGTON MN 55420 |
| 1588327 | NO. DAKOTA STATE UNIVERSITY | Attn 12TH. AVE. NO & UNIVERSITY DR. COMPUTER CENTER FARGO ND 58102 |
| 1553218 | NO. JERSEY JOINT BOARD TEXTILE WRKR | Attn UNION OF AMERICA AFLCIO 4810 KENNEDY BLVD. UNION CITY NJ 07087-2715 |
| 1548784 | NO.JERSEY JOINT BOARD TEXTILE | Attn WORKERS UNION AMERICA/AFLCIO 275 7TH AVE 11TH FLOOR NEW YORK NY 10001 |
| 1551695 | NOAA | Attn DISTRIBUTION BR N/C333 NATIONAL OCEAN SERVICE RIVERDALE MD 20737-1199 |
| 1554583 | NOAA | NATIONAL OCEAN SERVICE N/ACC3 RIVERDALE MD 20737-1199 |
| 1553477 | NOAA NATIONAL DATA CENTERS | PO BOX 70169 CHICAGO IL 60673-0169 |
| 1616300 | NOAH BUDIANSKY | Attn C/O WR GRACE 62 WHITTEMORE AVENUE CAMBRIDGE MA 2140 |
| 1652681 | NOAH LEWIS | Attn LEWIS 107 GREER CT GREER SC 29650 |
| 1563244 | NOAH PELL | 637 KING STREET FRANKLIN MA 2038 |
| 1668884 | NOAH PELL | Attn C/O WR GRACE 62 WHITTEMORE AVE CAMBRIDGE MA 2140 |
| 1107884 | NOAH TECHNOLOGIES | 1 NOAH PARK SAN ANTONIO TX 78249-3419 |

Page: 2692 of 4145

W.R. Grace Co.
Service List
Notice of Commencement and Meeting of Creditors

Date: 04/25/2001
Time: 13:01:37

| Person Code | Name | Address |
|---|---|---|
| 1621191 | STATE OF FL DEPT OF ENV REGULATION | OFFICE OF GEN COUN 2600 BLAIR STONE ROAD TALLAHASSE FL 32301 |
| 1128808 | STATE OF FLORIDA | FL DEPT OF TRANS. 2540 EXECUTIVE CTR CIRCLE WEST DOUGLAS BLDG SUITE 208 TALLAHASSEE FL 32399 |
| 1562565 | STATE OF FLORIDA | Attn DEPT OF INSURANCE AND STATE TREAS POST OFFICE BOX 6100 TALLAHASSEE FL 32314-6100 |
| 1614575 | STATE OF FLORIDA | Attn UIC FUND A/C #1415656 CALDWELL BLDG TALLAHASSEE FL 32399-0216 |
| 1565861 | STATE OF FLORIDA DISBURSEMENT UNIT | P O BOX 8500 TALLAHASSEE FL 32315-8500 |
| 1550990 | STATE OF ILLINOIS | Attn P O BOX 3331 DIVISION OF MANAGEMENT SERVICES SPRINGFIELD IL 62708-3331 |
| 1560833 | STATE OF ILLINOIS | Attn DEPARTMENT OF NUCLEAR SAFETY 1035 OUTER PARK DRIVE SPRINGFIELD IL 62704-4462 |
| 1096813 | STATE OF INDIANA | Attn OFFICE OF THE ATTORNEY GENERAL 402 W. WASHINGTON ST. INDIANAPOLIS IN 46204-2770 |
| 1559253 | STATE OF KS DEPT OF REVENUE | PO BOX 12003 TOPEKA KS 66612 |
| 1119637 | STATE OF LOUISIANA | SECRETARY OF REVENUE & TAXATION UNCLAIMED PROPERTY PO BOX 91010 BATON ROUGE LA 70823-9010 |
| 1119536 | STATE OF LOUISIANA DEPT OF | REVENUE & TAXATION UNCLAIMED PROPERTY P O BOX 91010 BATON ROUGE LA 70823-9010 |
| 1604035 | STATE OF MAINE MUSEUM | Attn C/O NEW ENGLAND FIREPROOFING PICK UP AT BARRETT'S CAPITAL COMPLEX AUGUSTA ME 4330 |
| 1108435 | STATE OF MARYLAND | DHCD; ACCOUNTS PAYABLE 100 COMMUNITY PLACE CROWNSVILLE MD 21032-2023 |
| 1112377 | STATE OF MARYLAND | Attn ATTN RONALD ORR DHCD;JEFFERSON PATTERSON PARK 10515 MACKALL ROAD SAINT LEONARD MD 20685 |
| 1618070 | STATE OF MARYLAND | DEPARTMENT OF THE ENVIRONMENT 2500 BROENING HIGHWAY BALTIMORE MD 21224 |
| 1112376 | STATE OF MARYLAND | Attn ATTN RONALD ORR DHCD;JEFFERSON PATTERSON PARK 10515 MACKALL ROAD SAINT LEONARD MD 20685 |
| 1619086 | STATE OF MARYLAND DEPT OF ENV | MS JANE T NISHIDA, SECRETARY 2500 BROENING HIGHWAY -- 2ND FLOOR BALTIMORE MD 21224 |
| 1114271 | STATE OF MARYLAND TREASURER'S OFFIC | PO BOX 74670 ANNAPOLIS MD 21404-0746 |
| 1570652 | STATE OF MARYLAND WORKERS | Attn COMPENSATION COMMISSION 6 NORTH LIBERTY ST BALTIMORE MD 21201-3785 |
| 1070590 | STATE OF MICHIGAN | Attn MICHIGAN DEPT. OF ENVIRONMENTAL QUALITY CASHIERS OFFICE PO BOX 30657 LANSING MI 48909-8157 |
| 1564975 | STATE OF MICHIGAN | Attn MICHIGAN DEPT. OF ENVIRONMENTAL PO BOX 30657 LANSING MI 48909-8157 |
| 1560686 | STATE OF MICHIGAN | Attn DEPARTMENT OF TRANSPORTATION P.O. BOX 30050 LANSING MI 48909 |
| 1551617 | STATE OF MICHIGAN | Attn CASHIERS/DEPT NAT RES P O BOX 30028 LANSING MI 48909-7528 |
| 1619350 | STATE OF MINNESOTA  OFFICE OF THE A | STEPHEN SHAKMAN AND JENNIFER BEENS 102 STATE CAPITOL ST PAUL MN 55155-1002 |
| 1128810 | STATE OF MONTANA | BOARD OF LAND COMMISSIONERS HELENA MT 59620 |
| 1615937 | STATE OF NEBRASKA | Attn DEPT. OF AGRICULTURE PO BOX 94756 LINCOLN NE 68509 |
| 1616097 | STATE OF NEW HAMPSHIRE | Attn MOTOR VEHICLES SALEM MUNICIPAL BLDG SALEM NH 3079 |
| 1621212 | STATE OF NEW HAMPSHIRE | CHERYL MCGARY NH/DES CONCORD NH |
| 1558395 | STATE OF NEW MEXICO | Attn MOTOR TRANSPORTATION DIVISION PO BOX 1028 SANTA FE NM 87504-1028 |
| 1088904 | STATE OF NJ | Attn TREASURER CN 417 TRENTON NJ 8625 |
| 1621189 | STATE OF NJ DEPT OF ENV PROTECTION | CN 028 TRENTON NJ 08625 |
| 1577196 | STATE OF NJ, DIV OF BLDG & CONST | Attn C/O CAPITAL SAFETY CONTRACT # DBC; A510-40-05C01 50 BARRACK STREET, CN 235 TRENTON NJ 8636 |
| 1107892 | STATE OF NORTH CAROLINA | Attn ATTN: MS. NERISSA KEELE PO BOX 29580 RALEIGH NC 27626 |
| 1562527 | STATE OF NORTH CAROLINA | ; RALEIGH NC 27640 |
| 1111761 | STATE OF NORTH CAROLINA | Attn ATTN: MR. JOHN GITTING NCDENR/DAQ/ECB 4403 REEDY CREEK ROAD RALEIGH NC 27607 |
| 1645221 | STATE OF NORTH CAROLINA | Attn RADIATION PROT. COMMISSN P.O. BOX 27687 RALEIGH NC 27611-7687 |
| 1619092 | STATE OF NORTH CAROLINA DEPT OF EN | REGIONAL SUPERVISOR 919 NORTH MAIN ST MOORESVILLE NC 28115 |
| 1555374 | STATE OF OHIO, BMV | 4550 LAKE FOREST DRIVE CINCINNATI OH 45242 |
| 1128812 | STATE OF OREGON | LIC UTILITY COMM. OF OR LABOR & INDUSTRIES BLDG SALEM OR 97310 |
| 1608811 | STATE OF OREGON C/O | Attn PSOB ATTN: WENDELL WHISTLER 800 NE OREGON STREET PORTLAND OR 97232 |

Page:  3515 of  4145

# EXHIBIT 2

In re: W.R. GRACE & CO.-CONN., Case No. 01-01140

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

| CREDITOR'S NAME AND MAILING ADDRESS INCLUDING ZIP CODE | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM, IF CLAIM IS SUBJECT TO SETOFF, SO STATE | CONTINGENT, UNLIQUIDATED DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|
| 1683652 - 10068218<br>STATE OF MISSOURI<br>Attn DEPARTMENT OF REVENUE<br>301 WEST HIGH STREET<br>JEFFERSON CITY    MO    65105 | TAXES, INTEREST AND PENALTIES<br>ALL OPEN TAX YEARS | Contingent,<br>Disputed,<br>Unliquidated | Unknown |
| 1128810 - 10324755<br>STATE OF MONTANA<br>BOARD OF LAND COMMISSIONERS<br>HELENA    MT    59620 | SURETY BOND<br>APPLICANT FOR S/B NO. 188446 FOR<br>$39,000 WITH ST. PAUL EXPIRING<br>09-JAN-01 | Contingent,<br>Disputed,<br>Unliquidated | Unknown |
| 1128810 - 10324756<br>STATE OF MONTANA<br>BOARD OF LAND COMMISSIONERS<br>HELENA    MT    59620 | SURETY BOND<br>APPLICANT FOR S/B NO. 143329 FOR<br>$66,700 WITH ST. PAUL EXPIRING<br>14-AUG-01 | Contingent,<br>Disputed,<br>Unliquidated | Unknown |
| 1619218 - 10071124<br>STATE OF NC/SEABOARD CHEMICAL CORP | ENVIRONMENTAL CLAIM | Contingent,<br>Disputed,<br>Unliquidated | Unknown |
| 1621212 - 10073118<br>STATE OF NEW HAMPSHIRE<br>CHERYL MCGARY<br>NHDES<br>CONCORD    NH | ENVIRONMENTAL CLAIM | Contingent,<br>Disputed,<br>Unliquidated | Unknown |
| 1683663 - 10068229<br>STATE OF NEW JERSEY<br>Attn DIVISION OF TAXATION<br>50 BARRACK STREET<br>P. O. BOX 240<br>TRENTON    NJ    8646 | TAXES, INTEREST AND PENALTIES<br>ALL OPEN TAX YEARS | Contingent,<br>Disputed,<br>Unliquidated | Unknown |
| 1683682 - 10068248<br>STATE OF NEW MEXICO<br>Attn TAXATION AND REVENUE DEPARTMENT<br>P. O. BOX 630<br>1100 S. ST. FRANCIS DRIVE<br>SANTA FE    NM    87504 | TAXES, INTEREST AND PENALTIES<br>INCOME TAX: 1988-1991 | Contingent,<br>Disputed,<br>Unliquidated | Unknown |
| 1128811 - 10324757<br>STATE OF NEW YORK | SURETY BOND<br>APPLICANT FOR S/B NO. 400SC6484 FOR<br>$25,650,742 WITH ST. PAUL EXPIRING<br>14-AUG-01 | Contingent,<br>Disputed,<br>Unliquidated | Unknown |
| 1683664 - 10068230<br>STATE OF NEW YORK<br>Attn DEPARTMENT OF TAXATION AND<br>       FINANCE<br>W. A. HARRIMAN CAMPUS<br>BUILDING #9<br>ALBANY    NY    12227 | TAXES, INTEREST AND PENALTIES<br>ALL OPEN TAX YEARS | Contingent,<br>Disputed,<br>Unliquidated | Unknown |
| 1621189 - 10073095<br>STATE OF NJ DEPT OF ENV PROTECTION<br>CN 028<br>TRENTON    NJ    08625 | ENVIRONMENTAL CLAIM | Contingent,<br>Disputed,<br>Unliquidated | Unknown |
| 1683666 - 10068232<br>STATE OF NORTH CAROLINA<br>Attn DEPARTMENT OF REVENUE<br>501 N. WILMINGTON STREET<br>RALEIGH    NC    27640 | TAXES, INTEREST AND PENALTIES<br>INCOME/FRANCHISE TAX: 1992-1994 | Contingent,<br>Disputed,<br>Unliquidated | Unknown |

In re: W.R. GRACE & CO.-CONN., Case No. 01-01140

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

| CREDITOR'S NAME AND MAILING ADDRESS INCLUDING ZIP CODE | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM, IF CLAIM IS SUBJECT TO SETOFF, SO STATE | CONTINGENT, UNLIQUIDATED DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|
| 1619114 - 10071020<br>NEW ENGLAND PLASTICS CORP | ENVIRONMENTAL CLAIM | Contingent, Disputed, Unliquidated | Unknown |
| 1548739 - 10317224<br>NEW ENGLAND RESINS & PIGMENTS<br>Attn CORPORATION<br>P O BOX 9381<br>BOSTON   MA   02209-9381 | TRADE PAYABLE<br>PRE-PETITION INVOICE PAID UNDER FIRST DAY MOTIONS | Disputed | $997.50 |
| 1561092 - 10318024<br>NEW ENGLAND ROUNDTABLE<br>Attn JOE CARTER, C/O SERVICE BY AIR<br>134 RAILROAD AVE<br>REVERE   MA   02151 | TRADE PAYABLE | | $300.00 |
| 1548740 - 10317225<br>NEW ENGLAND RUBBER INC.<br>Attn ROUTE #1<br>55 COMMERCIAL CIRCLE<br>DEDHAM   MA   02026 | TRADE PAYABLE<br>PRE-PETITION INVOICE PAID UNDER FIRST DAY MOTIONS | Disputed | $1,205.38 |
| 1694106 - 10327600<br>NEW HORIZONS DIAGNOSTICS CORP.<br>Attn LAWRENCE LOOMIS PRESIDENT<br>11301 BUCKLEBERRY PATH<br>COLUMBIA   MD   21044 | ENVIRONMENTAL CODEFENDANT | Contingent, Disputed, Unliquidated | Unknown |
| 1069612 - 10069869<br>NEW JERSEY DEPT OF ENV PROTECTION<br>Attn GARY GRUBLICH PROJECT MANAGER<br>DIVISION OF SITE REMEDIATION<br>2 BABCOCK PLACE<br>WEST ORANGE   NJ   07052 | ENVIRONMENTAL CLAIM | Contingent, Disputed, Unliquidated | Unknown |
| 1069613 - 10069870<br>NEW JERSEY DEPT OF ENV PROTECTION<br>Attn MR. RICHARD BURGOS<br>DIV OF RESPONSIBLE PARTY SITE REMED<br>401 EAST STATE STREET CN 028<br>TRENTON   NJ   08625-0028 | ENVIRONMENTAL CLAIM | Contingent, Disputed, Unliquidated | Unknown |
| 1069614 - 10069871<br>NEW JERSEY DEPT OF ENV PROTECTION<br>Attn MR. HARRY HORNIKEL<br>SOUTHERN AIR PROGRAM<br>2 RIVERSIDE DRIVE SUITE 201<br>CAMDEN   NJ   08103 | ENVIRONMENTAL CLAIM | Contingent, Disputed, Unliquidated | Unknown |
| 1069709 - 10069979<br>NEW JERSEY DEPT OF ENV PROTECTION<br>Attn SERGIO HONL CASE MANAGER<br>401 EAST STATE STREET<br>P. O. BOX 433<br>TRENTON   NJ   08625 | ENVIRONMENTAL CLAIM | Contingent, Disputed, Unliquidated | Unknown |
| 1618061 - 10324793<br>NEW JERSEY DEPT OF ENVIRONMENTAL<br>Attn PROTECTION<br>BUREAU OF FUND MANAGEMENT<br>COMPLIANCE & RECOVERY<br>22 SOUTH CLINTON AVENUE<br>3RD FLOOR<br>TRENTON   NJ   08625 | LETTERS OF CREDIT<br>APPLICANT FOR L/C NO. 295596 FOR $620,000 WITH JP MORGAN CHASE EXPIRING 08-DEC-01 | Contingent, Disputed, Unliquidated | Unknown |

In re: W.R. GRACE & CO.-CONN., Case No. 01-01140

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

| CREDITOR'S NAME AND MAILING ADDRESS INCLUDING ZIP CODE | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM, IF CLAIM IS SUBJECT TO SETOFF, SO STATE | CONTINGENT, UNLIQUIDATED DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|
| 1618718 - 10070624<br>NJ DEPT OF ENV PROTECTION<br>ROBERT SHINN JR COMMISSIONER<br>401 E STATE ST PO BOX 402<br>TRENTON    NJ    08625-0402 | ENVIRONMENTAL CLAIM | Contingent,<br>Disputed,<br>Unliquidated | Unknown |
| 1618722 - 10070628<br>NJ DEPT OF ENV PROTECTION<br>ROBERT SHINN JR COMMISSIONER<br>401 E STATE ST - P O BOX 402<br>TRENTON    NJ    08625-0402 | ENVIRONMENTAL CLAIM | Contingent,<br>Disputed,<br>Unliquidated | Unknown |
| 1621175 - 10073081<br>NJ DEPT OF ENV PROTECTION<br>GARY GRUELICH PROJECT MANAGER<br>DIVISON SITE REMEDIATION<br>2 BABCOCK PLACE<br>WEST ORANGE    NJ    07052 | ENVIRONMENTAL CLAIM | Contingent,<br>Disputed,<br>Unliquidated | Unknown |
| 1618882 - 10070788<br>NJ DEPT OF ENV PROTECTION AND ENERG<br>SECTION CHIEF<br>401 EAST STATE ST FIFTH FLOOR<br>TRENTON    NJ    08625 | ENVIRONMENTAL CLAIM | Contingent,<br>Disputed,<br>Unliquidated | Unknown |
| 1620244 - 10072150<br>NJ DEPT OF ENV PROTECTION AND ENERG<br>DEBORAH COWELL<br>2 BABCOCK PLACE<br>WEST ORANGE    NJ    07052 | ENVIRONMENTAL CLAIM | Contingent,<br>Disputed,<br>Unliquidated | Unknown |
| 1128797 - 10324741<br>NJ FRESHWATER WETLANDS MITIGATION<br>NJ DPT OF ENV PROT LAND USE PRGRAM<br>CN401<br>TRENTON    NJ    08625 | SURETY BOND<br>APPLICANT FOR S/B NO. 370083 FOR<br>$14,550 WITH TRAVELERS EXPIRING<br>22-DEC-02 | Contingent,<br>Disputed,<br>Unliquidated | Unknown |
| 1693867 - 10327837<br>NL INDUSTRIES<br>Attn PRENTICE-HALL CORP.<br>SYSTEM<br>2711 CENTERVILLE RD.<br>STE 400<br>WILMINGTON    DE    19808 | ENVIRONMENTAL CODEFENDANT | Contingent,<br>Disputed,<br>Unliquidated | Unknown |
| 1621154 - 10073060<br>NL INDUSTRIES INC<br>JANET D SMITH ASSOCIATE GEN COUN<br>445 PARK AVE<br>NEW YORK    NY    10022 | ENVIRONMENTAL CLAIM | Contingent,<br>Disputed,<br>Unliquidated | Unknown |
| 1621155 - 10073061<br>NL INDUSTRIES INC<br>BARRY L SAMS<br>PO BOX 1090<br>HIGHSTOWN    NJ    08520 | ENVIRONMENTAL CLAIM | Contingent,<br>Disputed,<br>Unliquidated | Unknown |
| 1621156 - 10073062<br>NL INDUSTRIES INC<br>JAMES H SCHINK  KIRKLAND & ELLIS<br>200 EAST RANDOLPH DRIVE<br>CHICAGO    IL    60601 | ENVIRONMENTAL CLAIM | Contingent,<br>Disputed,<br>Unliquidated | Unknown |

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| In re: | ) | |
| | ) | |
| W. R. GRACE & CO., *et al.,* | ) | Case No. 07-00536 (RLB) |
| | ) | |
| *Debtors.* | ) | |
| | ) | |
| STATE OF NEW JERSEY, | ) | |
| DEPARTMENT OF ENVIRONMENTAL | ) | |
| PROTECTION, | ) | |
| *Appellants,* | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| W.R. GRACE & CO., *et al.* | ) | |
| | ) | |
| *Appellees.* | ) | |
| | ) | |

### AFFIDAVIT OF SERVICE

Margaret Broadwater, being duly sworn according to law, deposes and says that she is employed by the law firm of Pachulski Stang Ziehl & Jones LLP, co-counsel for the Debtors, in the above-captioned action, and that on the 26th day of November 2007 she caused a copy of the following document(s) to be served upon the attached service list(s) in the manner indicated:

BRIEF OF APPELLEES

Margaret Broadwater

Sworn to and subscribed before
me this 26th day of November, 2007

Notary Public
My Commission Expires: 2-20-08

DIANE K. POTTS
NOTARY PUBLIC
STATE OF DELAWARE
My Commission Expires Feb. 20, 2008

DOCS_DE:133133.1

W. R. Grace Core Group Service List
Case No. 01-1139 (JKF)
Document Number: 27348
07 – Hand Delivery
11 – First Class Mail

(Counsel to Debtors and Debtors in
Possession)
Laura Davis Jones, Esquire
James E. O'Neill, Esquire
Pachulski Stang Ziehl & Jones LLP
919 North Market Street, 17th Floor
P.O. Box 8705
Wilmington, DE 19899-8705

(Copy Service)
Parcels, Inc.
Vito I. DiMaio
10th & King Streets
Wilmington, DE 19801

**Hand Delivery**
(Counsel to Official Committee of
Unsecured Creditors)
Michael R. Lastowski, Esquire
Richard W. Riley, Esquire
Duane, Morris & Heckscher LLP
1100 North Market Street, Suite 1200
Wilmington, DE 19801-1246

**Hand Delivery**
(Local Counsel to DIP Lender)
Steven M. Yoder, Esquire
The Bayard Firm
222 Delaware Avenue, Suite 900
P.O. Box 25130
Wilmington, DE 19899

**Hand Delivery**
(Local Counsel to Asbestos Claimants)
Marla Eskin, Esquire
Mark T. Hurford
Campbell & Levine
800 North King Street, Suite 300
Wilmington, DE 19801

**Hand Delivery**
(Counsel for The Chase Manhattan Bank)
Mark D. Collins, Esquire
Deborah E. Spivack, Esquire
Richards, Layton & Finger, P.A.
One Rodney Square
P.O. Box 551
Wilmington, DE 19899

**Hand Delivery**
(Counsel for Property Damage Claimants)
Michael B. Joseph, Esquire
Ferry & Joseph, P.A.
824 Market Street, Suite 904
P.O. Box 1351
Wilmington, DE 19899

**Hand Delivery**
(United States Trustee)
David Klauder, Esquire
Office of the United States Trustee
844 King Street, Room 2311
Wilmington, DE 19801

**Hand Delivery**
(Equity Committee Counsel)
Teresa K. D. Currier
Klett Rooney Lieber & Schorling
1000 West Street, Suite 1410
Wilmington, DE 19801

**First Class Mail**
(Counsel to Debtor)
David B. Bernick, P.C.
Janet Baer, Esquire
Kirkland & Ellis LLP
200 East Randolph Drive
Chicago, IL 60601

**First Class Mail**
(W. R. Grace & Co.)
Mark Shelniz
W.R. Grace and Co.
7500 Grace Drive
Columbia, MD 21044

*First Class Mail*
(Official Committee of Unsecured
Creditors)
Lewis Kruger, Esquire
Kenneth Pasquale, Esquire
Stroock & Stroock & Lavan LLP
180 Maiden Lane
New York, NY  10038-4982

*First Class Mail*
(Official Committee of Personal Injury
Claimants)
Elihu Inselbuch, Esquire
Rita Tobin, Esquire
Caplin & Drysdale, Chartered
375 Park Avenue, 35th Floor
New York, NY  10152

*First Class Mail*
(Official Committee of Property Damage
Claimants)
Scott L. Baena, Esquire
Member
Bilzin Sumberg Dunn Baena Price &
Axelrod LLP
First Union Financial Center
200 South Biscayne Blvd, Suite 2500
Miami, FL  33131

*First Class Mail*
(Equity Committee Counsel)
Philip Bentley, Esquire
Thomas M. Mayer, Esquire
Kramer Levin Naftalis & Frankel LLP
1177 Avenue of the Americas
New York, NY  10036

*First Class Mail*
Peter Van N. Lockwood, Esquire
Julie W. Davis, Esquire
Trevor W. Swett, III, Esquire
Nathan D. Finch, Esquire
Caplin & Drysdale, Chartered
One Thomas Circle, N.W.
Washington, DC  20005

*First Class Mail*
(Counsel to Official Committee of
Unsecured Creditors)
William S. Katchen, Esquire
Duane Morris LLP
744 Broad Street
Suite 1200
Newark, NJ  07102-3889

*First Class Mail*
(Counsel to DIP Lender)
J. Douglas Bacon, Esquire
Latham & Watkins
Sears Tower, Suite 5800
Chicago, IL  60606

*First Class Mail*
(Counsel for David T. Austern)
Roger Frankel, Esquire
Richard H. Wyron, Esquire
Matthew W. Cheney, Esquire
Orrick Herrington & Sutcliffe LLP
Columbia Center
1152  15th Street, N.W.
Washington, DC  20005-1706

*First Class Mail*
(Counsel to David T. Austern, Future
Claimant's Representative)
Phillips, Goldman & Spence, P.A.
John C. Phillips, Jr.
1200 North Broom Street
Wilmington, DE  19806

W.R. Grace Special Service List
for Brief of Appellees
Case No. 07-00536
01-via Hand Delivery
02-via Email

**Hand Delivery**
Stuart B. Drowos
Department of Justice
820 N. French Street, 8th Floor
Carvel Office Building
Wilmington, DE 19801

**Email Delivery**
Stuart B. Drowos
stuart.drowos@state.de.us

**Email Delivery**
Rachel J. Lehr
lehrrach@dol.lps.state.nj.us